Gaston, Judge.
 

 — This was a controversy between a purchaser at execution sale, representing a judgment creditor, and a purchaser from an assignee of the debtor, whether the transfer of the debtor was fraudulent and void, as against the creditor. There are cases, in which the legal conclusion of fraud is inferred directly from certain acts, but there are many others, in which it cannot be inferred, without an inquiry into the purposes for which those acts were committed. It was once supposed, that when a debtor made an absolute transfer of chattels, and retained the possession, the intent to hinder and delay creditors appeared so conclusively upon the face of the transaction, that an inquiry into the actual intention of the parties, was unnecessary and unavailing. It was held, that in judgment of law, it was a fraud in the parties to pass the apparent title from the debtor, while he was permitted to have the use and enjoyment of the subject-matter of the pretended transfer. This doctrine has been so far overruled, as to allow explanations to be made to repel this inference of unlawful interest. But such a repugnance between the transfer and the possession, yet raises the presumption of a secret trust for the benefit of the grantor, which, while it admits, also requires an explanation, and which, unexplained, or not satisfactorily explained, establishes the fraud. The possession of the slaves, having in this case, been retained by the debtor, for eight or nine months after the execution of his bill of sale, was sufficient to impress upon the transaction the character of a fraudulent transfer, unless, from other facts and circumstances, another character could clearly be assigned to it. The plaintiff offered evidence, tending to remove the legal presumption, and to establish an actual
 
 Iona fide
 
 intention, which was properly submitted to the jury. The evidence is not set forth in the
 
 case
 
 made, but
 
 *370
 
 it must have tended to show, that the debtor retained the possession, as the agent or bailee of ■ the purchaser. The
 
 nature
 
 of that possession
 
 then
 
 became an important inquiry. Was it
 
 in truth
 
 a possession as the agent or the bailee of the purchaser, or
 
 colourahhj
 
 only as such, and actually as the beneficial temporary or permanent owner? If the first, the apparent repugnance between the title and the possesion might be explained, and honestly accounted for; but if the second, then such colourable possession was but part of the machinery of the fraud.
 

 This court is of opinion that, upon this inquiry, the evidence offered by the defendant, and rejected below, was competent and proper. Generally the acts or declarations * 11 ^ of a grantor, after the conveyance made, are not to be receiyed to impeach his grant. The rights of the grantee ought not to be prejudiced by the conduct of one who at the time is a stranger to him and to the subject-matter of those rights. But the acts and declarations rejected in this case were those of the possessor of the property,— were connected with that possession, and formed a part of its attendant circumstances. They were collateral indications of the nature, extent, and purposes of that possession, They were to be admitted, not because of any credit due * “ to him by whom they were done or uttered, but because qualified and characterised, or tended to qualify and characterise, the very fact to be investigated. Their admissibility, and their effect when admitted, were very different questions. They seem to us to come within the principle which permits the declarations of a trader, at the time of leaving his place of residence, to be admitted as ^ A evidence of the purposes of his departure; and which, on a questi°n °f adverse possession, receives the acts and declarations of the occupant as indicative of the dominion claimed and exercised over the property. The very point before us occurred in the case of
 
 Willies
 
 v.
 
 Farley,
 
 14 Eng. C. L. Rep. 366, and was there determined in con-' fonnity with this opinion.
 

 , . , , - , . . The exception taken by the defendant to the evidence rece've<^» >n relation to the sale of the note to Holley, and the circumstances accompanying it, is considered by the Court as unfounded.
 

 
 *371
 
 For the first error assigned, the judgment is reversed, and a new trial ordered.
 

 Judgment reversed. Per Curiam..